IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR RILEY | § | |
|    TDCJ-CID #10032334 | § | |
| v. | § | C.A. NO. C-08-159 |
| | § | |
| NUECES COUNTY JAIL, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO RETAIN CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims against Nueces County and Christus Spohn Memorial Hospital be retained on the Court's docket.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is currently confined in the Nueces County Jail in Corpus Christi, Texas.  He filed this action on May 15, 2008, complaining about the conditions of the Jail in 2006 and the present, and also alleging that he was denied his high blood pressure medication.  (D.E. 1).  He named as defendants Nueces County Jail and Christus Spohn Memorial Hospital, the Jail's contractual medical provider.  A Spears[1] hearing was conducted on June 4, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

Plaintiff was incarcerated in the Nueces County Jail from July 26, 2006 through November 26, 2006.  During the four months he was there in 2006, he alleges that he was exposed to asbestos, toxic mold, and other unsanitary

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

conditions. Plaintiff testified that the Jail constantly had a bad odor, and there was visible mold in the showers and around the air conditioning vents. He observed that the insulation in the ceilings, which he believed to be asbestos, would continually fall from the ceiling, and this occurred in all areas, including where the inmates ate their meals. Jailers told plaintiff that the installation was polyurethane, not asbestos, but when it was installed, the workers wore face masks. Plaintiff argues that, whatever the insulation material might be, it cannot be good for his health to breathe it or ingest it. During this time, plaintiff experienced respiratory ailments including colds which would not improve, coughing, running nose, nausea, sinus headaches and migraines.

In late November 2006, plaintiff was transferred to the Dominguez Unit, and then to the Lopez Unit. At the Lopez Unit, plaintiff was diagnosed with high blood pressure, and he began receiving medication for hypertension.

Plaintiff returned to the Nueces County Jail on January 2, 2008, where he currently remains in custody. He states that the conditions at the Jail are the same, or maybe even a little worse. In the 4P Unit where he is housed, the ceiling still has exposed asbestos hanging from the ceilings, and it gets into the air and circulates. On the newer side of the Jail, the air ducts have not been cleaned. There are mold spores growing in the showers.

Last month, the toilet in his living area overflowed and the flooding reached Rooms 15-21. It took 24 hours before the toilet was fixed and the flooding cleaned up. The smell during that time made plaintiff ill. In general, plaintiff claims that the Jail is filthy. He is again starting to experience colds and headaches.

On the day plaintiff arrived from the Lopez Unit at the Nueces County Jail, plaintiff told the intake nurse that he was taking hypertension medication and that he had not taken his medication that day. He was not given his medication at that time. Thereafter, once every week or once every two weeks, a nurse would take his blood pressure and would tell him that it was high and that he should be taking blood pressure medication. Plaintiff repeatedly told the different nurses that he had been on medication at the Lopez Unit; however, no medical personnel called the Lopez Unit to confirm this or to otherwise verify that he needed hypertension medication. It was not until late March 2008, or early April 2008 that he finally got his medication.

Plaintiff seeks $175,000 for pain and suffering and respiratory distress. He also seeks $75,000 in punitive damages to ensure that this exposure does not happen to other inmates.

## III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To Section 1983.**

The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (per curiam) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  Indeed, a prisoner's action may be dismissed for failure to state a claim upon which relief can be granted even if the inmate has not exhausted all administrative remedies.  42 U.S.C. § 1997e(c)(2).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Oliver, 276 F.3d at 740.

**B.     Nueces County Jail Is Not A Proper Defendant.**

Plaintiff has named the Nueces County Jail as a defendant.  However, the Jail, as a department of Nueces County, does not enjoy a separate legal existence from the county, and as such, is not a proper party.  Darby v. Pasadena Police

Dep't, 939 F.2d 311, 313 (5th Cir. 1991) (administrative departments of a Texas city or county are generally not capable of suing or being sued); Dillon v. Jefferson County Sheriff's Dep't, 973 F. Supp. 626, 627-28 (E.D. Tex. 1997) (same).  The proper party is Nueces County.  See Rideau v. Jefferson County, 899 F. Supp. 298, 301 n.6 (E.D. Tex. 1995).  When a plaintiff names a defendant without the legal capacity to be sued, the plaintiff should be allowed to amend the complaint to name the proper defendant.  See Darby, 939 F.2d at 314-15; Rideau, 899 F. Supp. at 301 n.6.

At the hearing, plaintiff orally moved to substitute Nueces County as the proper party defendant in place of the Jail.  It is respectfully recommended that plaintiff's claims against Nueces County Jail be dismissed and that he be allowed to amend his complaint to assert the same claims against Nueces County.

**C.      The Unconstitutional Conditions Of Confinement Should Proceed.**

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  Prison officials "must provide humane conditions of confinement;" "ensure that inmates receive adequate food, clothing, shelter, and medical care; and ... 'take reasonable measures to guarantee the safety of the inmates.'"  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted). Conditions that result in "unquestioned and serious deprivations of basic human

needs," or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. Farmer, 511 U.S. at 834. Deliberate indifference is more than mere negligence. Id. at 835. The Fifth Circuit has explained that "[t]o establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); see also Farmer, 511 U.S. at 837 (holding that the subjective test for deliberate indifference requires the official both know of and disregard an excessive risk of harm).

    Plaintiff claims that the conditions at the Jail are so filthy and unsafe that he has suffered respiratory distress, headaches, and colds. These allegations of physical injury are sufficient for purposes of § 1915A. Cf. Herman v. Holiday, 238 F.3d 660, 665-67 (5th Cir. 2001) (monetary damage claims for exposure to asbestos, cold showers, cold food, unsanitary dishes, insect problems, lack of adequate clothing, and presence of an open "cesspool" near housing unit barred by

§ 1997e(e) where prisoner failed to allege a physical injury); Venzant v. Leonard, No. G-06-296, 2006 WL 2222704, at *1-2 (S.D. Tex. Aug. 1, 2006) (unpublished) (finding prisoner's complaint concerning asbestos exposure did not survive § 1915A screening because he failed to allege physical injury in his original complaint, and jail health care professionals testified in interrogatories that he suffered only high blood pressure). Plaintiff also testified that, during his stay in 2006, the Jail failed inspections by the State. Thus, it is respectfully recommended that the Court retain plaintiff's Eighth Amendment claims against Nueces County.

**D.    The Deliberate Indifference Claim Should Proceed.**

Plaintiff claims that Christus Spohn Memorial Hospital provides medical services to the Jail, and that the Hospital had a policy or practice of denying appropriate medication, in deliberate indifference to his serious medical needs.

The Supreme Court has explained that "[d]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Wilson v. Seiter, 501 U.S. 294, 303 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam) (citation omitted). The Fifth Circuit has explained that "[d]eliberate indifference is an extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A "plaintiff must show that the officials

8

'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Merely negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action."). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. See Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Moreover, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. However, delay in treatment may be actionable under § 1983 if there has been deliberate indifference and the delay results in substantial harm. Mendoza, 989 F.2d at 195; see also Stewart, 174 F.3d at 537 (no evidence of substantial delay).

Plaintiff testified that nurses would take his blood pressure, note that it was too high, and comment that he should be on medication, however, he was not prescribed the medication for almost three months.  The Hospital, by and through its attorney, has already filed an Answer to plaintiff's complaint.  (D.E. 11).  Thus, it is respectfully recommended that the Court retain plaintiff's claim against Christus Spohn Memorial Hospital.

## IV.  RECOMMENDATION

For the reasons stated above, it is respectfully recommended that plaintiff's claims against Nueces County Jail be dismissed and that he be allowed to amend his complaint to assert the same claims against Nueces County.  Moreover, it is respectfully recommended that the Court retain plaintiff's claims.

Respectfully submitted this 9th day of June 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).